**In re EXPEDIA HOTEL TAXES AND FEES LITIGATION**

No. C05–0365C.

United States District Court, W.D. Washington, At Seattle.

April 15, 2005.

C. Michael Nielsen, pro se.

Lori G. Feldman, Milberg Weiss Bershad & Schulman, New York City, Douglas C. McDermott, Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, for Plaintiffs.

Cori Gordon Moore, Thomas L. Boeder, Perkins Coie, Seattle, WA, for Defendants.

## ORDER

COUGHENOUR, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19). Plaintiffs seek to remand this case to King County Superior Court on the ground that Defendant's removal of this matter to federal court is improper. The Court has carefully reviewed the materials submitted by the parties. For the following reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand.

In January and early February of 2005, three of the Plaintiffs separately filed class action suits against Expedia and its owner, IAC/InterActiveCorp, in King County Superior Court. Each complaint alleges that Expedia violated the Washington State Consumer Protection Act by levying tax recovery and service fees in connection with hotel reservation transactions. On February 18, 2005, a King County Superior Court judge consolidated the three cases. Also on February 18, President Bush signed the Class Action Fairness Act ("CAFA") into law. Class Action Fairness Act of 2005, Pub.L. No. 109–2 (2005). In part, CAFA expands federal court diversity jurisdiction over class actions to address the fact that most class actions, regardless of their nationwide scope, are currently adjudicated in state courts. S.Rep. No. 109–14, at 4 (2005). On March 7, 2005, Expedia removed the consolidated case to U.S. District Court pursuant to CAFA. Plaintiffs now seek remand of this case to King County Superior Court.

The sole issue raised by Plaintiffs' motion is the proper definition of the term "commence" as it is used in CAFA. Under Defendant's interpretation, the action commenced either on the date that the state court consolidated the three original suits or on the date that Defendant removed the case. Under either of Defendant's interpretations, CAFA would apply because the action would have commenced on or after the Act's February 18 enactment date. Plaintiffs, on the other hand, argue that "commenced" means "filed" and that this consolidated case consists of cases filed entirely before CAFA's effective date. Since the only ground for removal was provided by CAFA, under Plaintiffs' interpretation, remand would be appropriate.

Upon a motion to remand, "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). There is a strong presumption against federal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles*, 980 F.2d 564, 566–67 (9th Cir.1992). For a civil litigant to secure federal jurisdiction under CAFA, the case must have "commenced" on or after the law's enactment date, February 18, 2005.

Class Action Fairness Act § 9. The term "commence" is not defined in the Act. *See id.* District Courts within the Ninth Circuit have found that "in removal cases, 'commencement' is governed by the law of the state in which the action originated." *E.g., O'Brien v. Powerforce,* 939 F.Supp. 774, 777 (D.Hawai'i 1995); *Perez v. Gen. Packer,* 790 F.Supp. 1464, 1469 (C.D.Cal. 1992); *Coman v. Int'l Playtex,* 713 F.Supp. 1324, 1328 (N.D.Cal.1989); *see Provenza v. Yamaha Motor Co.,* 295 F.Supp.2d 1175, 1178 (D.Nev.2003); *Hom v. Serv. Merch. Co.,* 727 F.Supp. 1343, 1344 (N.D.Cal.1990); *Rezendes v. Dow Corning Co.,* 717 F.Supp. 1435, 1437 (E.D.Cal.1989). Under Washington law, a civil action is commenced by service of a summons or by filing a complaint. Wash. Civ. R. 3(a); *Seattle Seahawks, Inc. v. King County,* 128 Wash.2d 915, 913 P.2d 375, 376 (1996).

The Court finds that Defendant has failed to establish that federal jurisdiction is proper for the following reasons. Although neither the Ninth Circuit nor the Western District of Washington has directly defined "commence" with respect to removal or consolidation, deferring to state law to define this word is consistent with other Ninth Circuit District Court decisions.[1] Under state law, the plain text of Washington's Civil Rule 3(a) indicates that commencement occurs with "filing." The suits giving rise to this consolidated action were all filed before CAFA's enactment date. Moreover, Defendant's reliance on *Jeffery v. Weintraub,* 32 Wash.App. 536, 648 P.2d 914 (1982), to argue that this case commenced when the state court consolidated the original cases is misplaced. *Jef-*

*fery* only addresses consolidation's impact on the number of judgments and attorney's fees. *See id.* at 921–22. In *Jeffery,* the court considered whether the lower court could award a separate fee for each action underlying a consolidated case. *Id.* The court's statement that consolidation creates a new action was made in the context of finding that the lower court's issuance of separate judgments did not alter the fact that consolidation renders a single judgment. *See id.* at 921. As a result, *Jeffery* is inapposite to the case at the bar. Finally, although CAFA seeks to expand federal diversity jurisdiction, inquiry into Congress' understanding of the term "commence" is uninstructive because CAFA's legislative history provides no definitive guidance. Defendant has failed in its burden of establishing federal jurisdiction. Given the presumption against removal, the Court finds that remand is appropriate.

For these reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand and REMANDS this case to King County Superior Court without award of costs or fees.

---

1. The Court also notes that Defendant fails to provide either persuasive or mandatory authority for the proposition that the Court should follow federal law to define "commence," and Defendant's argument that federal law dictates that commencement occurs upon removal relies on unpublished decisions and decisions by district courts outside the Ninth Circuit.